### STATE v. JOB SMITH and SHADRACK WROTTEN.

Court of Quarter Sessions. Kent. December 7, 1796.

*Rodney's Notes.**

*Mr. Miller.* Negro Sarah appears in the character of a slave, manumission not proved, therefore not a competent witness. If free, I conceive she is not competent. Supreme Court in *Sarah Collins v. Jos. H. Levin,* Taman was not admitted. Section 8 of the Act cannot be construed to admit a Negro a witness where white persons are concerned.

---

* This case is also reported in *Bayard's Notebook, 167; Clayton's Notebook, 4.*

*Ridgely* for the State. This case different from all others in cases of written paper. Ralston not interested. Sarah is the only witness to prove this fact, and on the principle of necessity she would be a witness at common law; in the present instance a civil suit could not be brought. In the case *State v. Valentine Bender*, for a battery on a Negro, she was admitted.

*Bayard* in conclusion. First, she is not to be considered as a free woman. Esp.N.P. 90, party not allowed to acknowledge his deed until proved by the subscribing witness. Best evidence to be produced, therefore parol evidence not sufficient where a deed has been executed, where it is not absolutely necessary for a sale to be made by deed, yet where it is made so, the written evidence must be produced. On the second point, the case of *Bender* I conceive to be different from the present, both parts of the cause of the Act may be reconciled. The meaning of the Act is, if they do sue in law and equity, they cannot be admitted against whites. I do apprehend that the evidence to convict in this case may be proved without the interposition of Sarah, and that there is a white person not produced.

The Court differed in opinion as to the competency of the witness, and the witness was sworn.

Sarah, Negro, sworn. Smith, Wrotten, and Grumble, came in to the widow Nowels and asked her and Sally Stable who I belonged to, and said I had stole linen and they would take me before Squire Laws, they tied me and carried me to Vienna that night—which time the Attorney General admits was the time of taking, therefore the witness was discharged as incompetent.

Verdict for defendants, Job Smith and Shadrack Wrotten. Motion of defendants' counsel against the Court's certifying for costs.